IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
) Criminal No. 3:04CR259–HEH
v. ) Civil Action No. _____
)
STEVE DIAS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Dismissing Successive § 2255 Motion)

By Memorandum Opinion and Order entered on June 12, 2008, the Court denied a 28 U.S.C. § 2255 motion filed by Steve Dias. (ECF Nos. 423, 424.) On March 13, 2017, the Court received from Dias a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motion," ECF No. 598.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade

the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted).

Although Dias suggests that he is simply challenging procedural defects in this Court's § 2255 review process, that is simply not so. Rather, Dias continues to challenge his underlying conviction by complaining that his trial counsel abandoned him and failed to file an appeal. His Rule 60(b) Motion must, therefore, be treated as a successive § 2255 motion. *See id.* The Clerk will be directed to assign a civil action number to the Rule 60(b) Motion (ECF No. 598). The Rule 60(b) Motion will thus be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA

2

will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Dias has not satisfied this standard. Accordingly, a certificate of appealability is DENIED.

An appropriate Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 3 2017
Richmond, Virginia

3