# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 3:04CR259–HEH |
| v. ) | Civil Action No. 3:19-cv-00035-HEH |
| ) | |
| STEVE DIAS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Dismissing Successive § 2255 Motion)

By Memorandum Opinion and Order entered on June 12, 2008, the Court denied a 28 U.S.C. § 2255 motion filed by Steve Dias. (ECF Nos. 423, 424.) On November 16, 2018, the Court received from Dias a "MOTION TO WITHDRAW PLEA BASED ON BREACH OF CONTRACTUAL AGREEMENT" (ECF No. 613, "Motion to Withdraw"). For reasons set forth below, the Motion to Withdraw will be dismissed without prejudice as a successive, unauthorized § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Dias continues to challenge his underlying convictions by complaining that his guilty pleas are invalid. Therefore, the Motion to Withdraw must be treated as a successive § 2255 motion. *See id.* The Clerk will be directed to assign a civil action number to the Motion to Withdraw (ECF No. 613). The Motion to Withdraw will be dismissed for want of jurisdiction.

Dias has requested a copy of his indictment. Dias is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Dias's Motion Requesting a Copy of the Indictment (ECF No. 612) will be denied without prejudice.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a

2

constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Dias has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Jan. 11, 2019
Richmond, Virginia